[Civ. No. 4335.   Second Appellate District, Division Two.—May 10, 1927.]

WILLIAM UNG, Respondent, v. M. H. STEIN et al., Defendants; E. S. FLANSBERG, Appellant.

[1] LANDLORD AND TENANT — TERMINATION OF LEASE — REMOVAL OF CROP—SALE TO THIRD PERSON.—Where a lease of agricultural lands has expired, and after a limited month to month tenancy the owner and the lessee have made a final settlement terminating such tenancy upon a specified date, with the right to remove the crop limited to a date about two weeks hence, the owner is not bound by a subsequent agreement or memorandum by said lessee whereby he sells the crop to a third ·person and purports to allow the latter thirty days within which to remove the same, if the owner is not a party thereto.

(1) 36 C. J., p. 104, n. 8.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Stanley Murray, Judge Presiding.   Reversed.

The facts are stated in the opinion of the court.

Frank S. Carrell for Appellant.

No appearance for respondent.

THOMPSON, J.—The defendant M. H. Stein had a lease upon nine or nine and· one-half acres of land near Los Angeles, belonging to the defendant and appellant E. S. Flansberg, which lease expired by limitation of time on December 1, 1921.   Upon the acreage so leased the lessee, prior to the last-named date, had raised a crop of lettuce which is the subject matter of the present action.   Stein made arrangements with Flansberg to continue the lease from month to month until the lettuce was harvested upon payment of a monthly rental of fifty dollars.   About the middle of January, 1922, a severe frost occurred and a considerable portion of the lettuce was frozen.   On the twentieth of that month Stein, being apparently of the opinion that the lettuce was worthless and having paid no rental

for December, 1921, or January, 1922, went to the appellant Flansberg and told him that the lettuce was worthless, that he wanted "to throw it back onto" Flansberg and that he would pay no more rent for the property. He and the appellant had a settlement by which he paid Flansberg seventy-five dollars rental or up to January 15, 1922, and appellant then told Stein that if he could realize anything out of the lettuce he could have a few days or until February 1, 1922, to remove it from the property; that after February 1, 1922, he, the appellant, wanted to seed the land to alfalfa. On January 23d Stein sold the lettuce on this particular piece of property, together with lettuce growing on additional property, amounting in all to twenty-seven acres, for the sum of fifty dollars, to the plaintiff, and executed a memorandum which read: "I hereby agree to sell twenty-seven acres of Lett to Wm. Ung and aloud 30 days to take crope off the land." Stein and another witness for him testified that at the time Stein signed the memorandum the words "and aloud 30 days to take crope off the land" were not written thereon. Stein also testified that he told plaintiff that he must remove the lettuce by February 1, 1922, or make arrangements with the owner of the property for the payment of additional rental. Ung harvested for two or three days in the latter part of January and then on account of rain, according to his testimony, which is denied by other witnesses, ceased cutting. On February 15th Flansberg sold what lettuce was left on his property to the defendant Caramelli for the sum of thirty dollars and about February 17th refused to permit the plaintiff to proceed further with the harvesting or to take any of the lettuce. Whereupon plaintiff brought the present action for injunction and for conversion, resulting in a judgment in plaintiff's favor in the sum of five hundred dollars, interest and costs. From this judgment the defendant Flansberg prosecutes this appeal and argues that the testimony is insufficient to support the finding of conversion by Flansberg.

The respondent has filed no brief. From a reading of the transcript we add the additional statement that it appears that after Caramelli purchased the lettuce on the land he rented the teams of the defendant Stein and secured the assistance of the driver to assist him in harvesting, which gives rise to the suspicion that Stein's action and perhaps

Flansberg's sale of the crop to Caramelli was not in good faith. But it can only amount to a suspicion. There is nothing to justify the inference that so far as the tenancy is concerned between Stein and Flansberg it was not just exactly as testified to by these witnesses, except the clause "and aloud 30 days to take crope off the land," but this construction is absolutely at variance with the undisputed testimony that the sale was made at a price equal to the monthly rental which would be entailed by a thirty days' delay, and does not fit in with the undisputed fact that the tenancy had been terminated by agreement as of January 15, 1922, with the right to remove the crop limited to February 1, 1922. [1] It must also be borne in mind that the appellant here was not a party to the agreement or memorandum, and could not be bound thereby. So far as he was concerned, final settlement had been made with Stein on January 20th, and no agreement made by Stein could alter or affect that agreement. It is not necessary to discuss the law relative to the right of a tenant to remove growing crops or when the right terminates, for the reason that the rights here were fixed and determined by the agreement of January 20th, and the tenant could sell to the plaintiff nothing more than he had.

Judgment reversed.

Works, P. J., and Murphey, J., *pro tem.*, concurred.